IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COUPER SMITH-HAGANS, | : |
| Petitioner, | : **Civil Action No. 21-054-CFC** |
| | : The Family Court of the State of Delaware |
| v. | : in and for New Castle County |
| | : File No. CN20-02933 |
| YASMINTHERESA GARSIYYA-BEY, | : Petition/Case Nos. 20-13401 and 20-13677 |
| Respondent. | : |

Marta Marie Dybowski, Nordheimer Law, Wilmington, Delaware. Counsel for Petitioner.

Yasmintheresa Garsiyya-Bey, Wilmington, Delaware. Pro se Respondent.

**MEMORANDUM OPINION**

June 29, 2021
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Respondent Yasmintheresa Garisyya-Bey filed a notice of removal on January 20, 2021, of *Hagans v. Garsiyya-Bey*, Case No. CN20-02933 (Del. Family Ct.). (D.I. 1) Respondent appears *pro se*. Pending is Petitioner's motion to remand to State Court. (D.I. 4) For the reasons discussed below, the Court will grant the motion and remand the matter to the Family Court of the State of Delaware in and for New Castle County.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a paternity determination and a petition for custody. Respondent removed this matter from the Delaware Family Court on January 20, 2021. (D.I. 1) The civil cover sheet does not provide a basis for jurisdiction and describes the cause of action as a notice of removal pursuant to 28 U.S.C. § 1441. (D.I. 1-3). The notice of removal states that the State of Delaware "is proceeding with lack of persona jurisdiction in order to take full control of [Respondent's] parental rights." (D.I. 1 at 1) Exhibits and filings attached to the notice of removal include: (1) a petition for paternity adjudication; (2) a notice of genetic test results for custody/paternity petition; (3) a petition for custody; and (4) a letter decision and order of the Family Court of the State of Delaware regarding a petition for custody and confirming a case management teleconference scheduled for February 18, 2021; and (5) Respondent's affidavit. (D.I. 1-1)

The notice of removal states that the minor child was not born in the State of Delaware and does not hold a Delaware birth certificate and, therefore, Respondent is not subject to contracts and regulations issued by the State of Delaware. Respondent, who resides in Delaware, notes that the Petitioner resides in California and she states

1

that she has the right to regulate her child's affairs without intervention from any state. According to the motion to remand, at all times during the Delaware proceedings Petitioner resided in the State of California and the minor child and Respondent resided and continue to reside in the State of Delaware. (D.I. 4 at 1-2) On December 1, 2020, the Family Court entered an order that Petitioner is the biological father of the minor child. (*Id.* at 2) Respondent removed the matter approximately one month later.

## II. DISCUSSION

Respondent filed her notice of removal on January 20, 2021, pursuant to 28 U.S.C. § 1441. Respondent identifies as a Moorish American. (D.I. 1) Petitioner seeks remand on the grounds that this Court does not have subject matter to hear this case because matters of children and custody are reserved to the Delaware Family Court by the General Assembly, *see* 10 Del. C. § 921-931, and Respondent's remedy is to file a motion in state court, not in federal court. In addition, Petitioner contends that Respondent's mention of the Religious Freedom and Restoration Act, 42 U.S.C. § 2000bb, misapprehends the statute, must be dismissed as meritless and, assuming that RFRA vests this Court with subject matter jurisdiction over a state custody issue, Respondent's issue is with the State of Delaware, making RFRA inapplicable. Respondent did not respond to the motion to remand.[1]

---

[1] Jaleel-Hu El, a non-party, and consul general and sharif of the Office of the Al Moroccan Empire Consulate in New Jersey has filed several documents. (*See* D.I. 3, 6, 7) There is no indication that Jaleel-Hu El is an attorney. Nor has he moved to intervene in this matter.

2

The removal statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based upon improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

Here, Respondent, does not explicitly allege a basis for federal subject matter jurisdiction. Two possible bases for this Court to assert jurisdiction are federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

With respect to federal question jurisdiction, Respondent did not meet her burden to show that any claims arise under federal law. Her affidavit states that "all Moorish Americans have the religious right to refuse any and all documentations that identify a substantial burden on her religious exercise" and that "RFRA requires the federal government to establish that denial of an accommodation or exemption to that adherent is the least restrictive means of achieving a compelling governmental interest." (D.I. 1-2 at 1) Respondent's invocation of RFRA does not, however, provide this Court with jurisdiction. RFRA applies to the federal government, and Respondent does not allege

3

any federal government action. *See Mack v. Warden Loretto FCI*, 839 F.3d 286 (3d Cir. 2016); *Tanvir v. Tanzin*, 894 F.3d 449 (2d Cir. 2018). Respondent makes passing mention of the First, Fourth and Fifth Amendments to the United States Constitution but does not indicate how any of these amendments vest this court with jurisdiction.

The only other basis for jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. The underlying state court civil action involves child custody. It is well established that federal courts lack jurisdiction over "[t]he whole subject of the domestic relations of husband and wife, [and] parent and child." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890) (first alteration in original)); *see also* 28 U.S.C. § 1331 (giving district courts original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"). The domestic relations exception is "an exception to federal diversity jurisdiction," and it "encompasses . . . cases involving the issuance of a divorce, alimony, or child custody decree." *Matusow v. Trans-County Title Agency, LLC.*, 545 F.3d 241, 245 (3d Cir. 2008) (emphasis added and quotation marks omitted). Upon review of the submissions to the Court, it is clear that Respondent seeks to have this Court intervene in a custody dispute involving a minor child. Thus, diversity jurisdiction is barred by the domestic relations exception.

Respondent did not meet her burden to establish federal jurisdiction. Therefore, Petitioner's motion to remand will be granted.

### III. CONCLUSION

For the reasons discussed above, Petitioner's motion for remand will be granted. (D.I. 4)

The Court will issue an Order consistent with this Memorandum Opinion.